DAVID McNAUGHT, Plaintiff, *v.* WILLIAM I. ROSENFELD, Individually and Doing Business as WILLIAM I. ROSENFELD & COMPANY, Defendant.

City Court of New York, New York County, August 2, 1938.

*Hotchner & Finn*, for the plaintiff.

*William Bernstein*, for the defendant.

RYAN, J. Motion granted to the extent of striking the first separate defense, based upon the Statute of Limitations. This complaint was amended as of right before the time to do so had elapsed. Ordinarily, the test is whether the amendment substitutes a new cause of action, in which event such action must be regarded as commenced as of the date of the amendment; it is only an amendment which does not change the cause of action which speaks as of the date of the original complaint. However, it was suggested by LEHMAN, J., in *Harriss* v. *Tams* (258 N. Y. 229, at p. 241), the suggestion being merely dictum, that "perhaps" until the time to amend the complaint has expired as of right, the complaint may be amended even to substitute a new cause of action, which may then be deemed asserted as of the time of the institution of the action itself. It was there said, "Until the complaint is served in an action, perhaps even until the time has elapsed during which the complaint may be amended as of right, it may be impossible to determine definitely upon what obligation or liability the action is brought." The question seems not to have been settled in this State. Counsel has cited no cases bearing upon the question here presented and the court has been unable to find anything on the point other than the above-quoted dictum. However, the suggested view seems reasonable and will be followed. As the complaint was amended here of right and the action itself commenced before the statute had run, the defense that the action is barred by the statute will be stricken, although in the opinion of the court, the second cause of action pleaded in the amended complaint is entirely different from that pleaded in the original complaint. As to the

first cause of action, there is doubt whether it is not merely an amendment, not changing the nature of the action. However, it is unnecessary to decide these questions, the court being of the opinion that where the amendment is of right it is effective as of the institution of the action.

As to the second separate defense, the motion is denied. While it is true, as contended by plaintiff, that a tort may be waived, although pleaded, and that recovery may then be had on an implied contract, the converse is not true. If the tort has already been waived, it may not be reasserted. In the original complaint plaintiff stated that he " elects and has elected to treat said refusal to return as a sale of the bracelet to the defendant." If this is a valid election, which is not now determined, plaintiff cannot thereafter declare upon the original tort. Accordingly, the second separate defense may stand, but only as a separate defense to the second cause of action alleged in the amended complaint. Whether that defense will ultimately be sustained by the proof is not now determined.

As to the third separate defense, the motion is granted. This defense must be made more definite and certain. The ultimate facts constituting the indebtedness must be alleged, and the agreement and facts of the alleged sale should also be more definitely stated.

The defendant may serve an amended answer in accordance with the foregoing, without prejudice to the original date of joinder of issue, within six days after service upon his attorney of a copy of this order, with notice of entry thereof, upon payment within such time of ten dollars costs. Order filed.